**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **MICHAEL KACMARIK,** | ) | **CASE NO.1:15CV2062** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **STEWART L. MITCHELL, ET AL.,** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter is before the Court on Defendant Stewart Mitchell's Motion for Judgment on the Pleadings.  (ECF # 19).  For the following reasons, the Court denies Defendant's Motion.

In his First Amended Complaint, Plaintiff alleges he was incarcerated in the Mansfield Correctional Institution on October 8, 2014, when he was thrown to the ground and dragged to a cell by Defendant Stewart L. Mitchell, a corrections officer.  Plaintiff alleges he was disabled and used a wheelchair.   According to Plaintiff, Mitchell knew Plaintiff was disabled yet ordered him to his feet despite the fact that Plaintiff was disabled and his legs and arms were shackled.  According to Plaintiff, he told Mitchell he could not walk to the holding cell.  Mitchell pulled Plaintiff out of his seat, threw him to the ground and dragged him to a cell.

Other Mansfield staff witnessed Mitchell's use of force against Plaintiff yet failed to intervene to protect Plaintiff from Mitchell.  Plaintiff alleges claims for excessive force against Mitchell, failure to prevent excessive force against  Defendants Roe and Does, failure to provide medical care against all Defendants, failure to accommodate and disability discrimination in violation of the Americans with Disabilities Act against all Defendants and violation of Section 504 of the Rehabilitation Act against all Defendants.

Mitchell moves the Court for Judgment on the Pleadings on all Plaintiff's claims. According to Mitchell, a video of the incident demonstrates no excessive force was used on Plaintiff.  On the video, Plaintiff is first observed sitting in a chair in the receiving/discharge area holding a cane.  According to Mitchell, this clearly demonstrates Plaintiff was not confined to a wheelchair.   Mitchell next argues that since Plaintiff was able to walk using only a cane, it is only logical he could walk with assistance.   Mitchell further points out the Plaintiff's claim of immobility is belied by the fact that Plaintiff was incarcerated at the time of the incident for felonious assault.   Mitchell contends that contrary to Plaintiff's representations, the video shows Mitchell helped Plaintiff to his feet and was assisting Plaintiff to a holding cell when Plaintiff jerked away from Mitchell and collapsed to the floor.

**<u>Standard of Review</u>**

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is governed by the same legal standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted.  *Almendares v. Palmer*, 284 F.Supp. 2d 799, 802 (N.D. Ohio 2003).  Therefore, as with a motion to dismiss, the Court

must test the sufficiency of the complaint and determine whether  "accepting the allegations in the complaint as true and construing them liberally in favor of the plaintiff, the complaint fails to allege 'enough facts to state a claim for relief that is plausible on its face.'" *Ashmus v. Bay Vill. Sch. Dist. Bd. of Educ.*, 2007 U.S. Dist. LEXIS 62208 (N.D. Ohio 2007), *quoting Bell Atlantic Corp. v. Twombly*, U.S., 127 S.Ct. 1955, 1974 (2007).  Claims alleged in the complaint must be "plausible," not merely "conceivable."  *Id*.  Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised.  *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990).  A Rule 12(c) motion "is granted when ***no material issue of fact*** exists and the party making the motion is entitled to judgment as a matter of law."  *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (emphasis added).  A written instrument attached to a pleading is a part of the pleading for all purposes. Fed. R. Civ. P. 10(c).   "In addition, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment."  *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 335–36 (6th Cir. 2007)

**Excessive Force**

Plaintiff's First Amended Complaint alleges Mitchell, along with the other Defendants, knew Plaintiff was disabled, yet required Plaintiff to walk to a holding cell rather than transport him via a wheelchair located near Plaintiff.  Plaintiff alleges Mitchell "jerked him out of his chair onto his feet, " maliciously and recklessly threw Mr. Kacmarik down on the ground."  Mitchell then "grasped Mr. Kacmarik's belly chain and sadistically dragged him across the floor to a cell" "stepped on Mr. Kacmarik who was laying on the floor" and

"dragged him further into the cell."  (First Amended Complaint ¶ 19-21).  Defendants failed to intervene to prevent Mitchell from dragging Plaintiff to a cell.  Defendants left Plaintiff on the floor for several hours without providing adequate medical care.

Plaintiff alleges violations of his Eighth Amendments rights by Defendants when Mitchell allegedly threw Plaintiff to the ground, dragged him to a cell and stepped on him, all while Plaintiff was in restraints.

According to Mitchell, he is entitled to judgment as a matter of law on Plaintiff's excessive force claim because the video evidence clearly demonstrates Plaintiff's fall was not due to any force applied by Mitchell.  Rather, the video shows Mitchell assisting Plaintiff to the holding cell and Plaintiff falling while being assisted by Mitchell.  Furthermore, Mitchell contends the Use of Force Report, referenced by Plaintiff in his First Amended Complaint, demonstrates Plaintiff suffered no injuries.

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 832  (1994) *Helling v. McKinney* 509 U.S. 25, 31, (1993).  "The Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer*, 511 U.S. at 832 quoting  *Hudson v. Palmer,* 468 U.S. 517, 526–527 (1984).  "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated.  This is true whether or not significant injury is evident." *Hudson v. McMillian,* 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992)

"Under the Fourteenth, Fourth, or Eighth Amendments, assaults on subdued, restrained and nonresisting detainees, arrestees, or convicted prisoners are impermissible." *Coley v. Lucas Cty., Ohio,* 799 F.3d 530, 540 (6th Cir. 2015).

Here, the Court may consider the videotape of the incident as it is referred to in Plaintiff's Complaint.  A careful review of the videotape, at least one dozen times, forward, backward and in slow motion, does not support Plaintiff's allegation that he was thrown to the ground by Mitchell, as there is no indication Mitchell extended his arms to push Plaintiff, twisted his body to throw Plaintiff or extended a leg to trip Plaintiff.  Instead, the videotape records Mitchell holding Plaintiff by the arm with one hand while Mitchell's other arm is around Plaintiff's back supporting him.  When Plaintiff falls the video fails to indicate that the fall was the result of any action by Mitchell.  Instead, Plaintiff appears to slip from Mitchell's grasp.

However, Defendant is not entitled to judgment on the excessive force claim because Plaintiff alleges he was dragged into a cell and stepped on by Mitchell while Plaintiff was restrained in the cell.  The videotape recording only captures Mitchell initially dragging Plaintiff into the cell; nothing is recorded once they enter the cell.  Thus, there remains issues of fact whether Mitchell stepped on Plaintiff while he was restrained.  Furthermore, it is for the jury to determine whether Mitchell's dragging of Plaintiff was excessive force causing pain or injury to Plaintiff.   " Even if an officer's use of force serves no good-faith disciplinary purpose, the force may be so *"de minimis "* that it does not violate the Eighth Amendment. (Internal citations omitted).  Still, while de minimis uses of force are non-actionable, a prisoner need not suffer "serious injury" in order to  bring an Eighth Amendment claim."

5

*Hendrickson v. Cooper,* 589 F.3d 887, 890–91 (7th Cir. 2009).  Because the nature and extent of Plaintiff's injuries are facts yet to be determined, judgment for Defendants is not appropriate at this stage of the proceedings.

Plaintiff further alleges Defendants failed to intervene to prevent Mitchell's use of excessive force and failed to provide him medical treatment for his injuries. A plaintiff alleging a deprivation of his Eighth Amendment rights by prison officials must establish both an objective and a subjective component.  "The objective component requires that the pain be serious.  The subjective component requires that the offending, non-penal conduct be wanton."  *Watkins v. Evans*, 96 F.3d 1449 (6th Cir. 1996)   "In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety." *Farmer,* 511 U.S. 834.   "Prison officials' deliberate indifference violates these rights "[w]hen the indifference is manifested by ... prison guards in intentionally denying or delaying access to medical care .... for a serious medical need." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004) The "seriousness of a prisoner's medical needs may *also* be decided by the *effect* of delay in treatment." *Id* at 897.   Because the nature and extent of Plaintiff's injuries and the pain he suffered are facts to be determined, Plaintiff's Eighth Amendment denial of medical care or delay in medical care claims are not suitable for judgment.

Finally, Plaintiff alleges his failure to intervene claim is not alleged against Mitchell therefore, it cannot be dismissed on a Motion by Mitchell.  The Court agrees and denies judgment on Plaintiff's failure to intervene claim.


**Americans With Disability Act Claim**

6

Plaintiff alleges a claim against Defendants, in their official capacities only, for violations of the Americans With Disabilities Act. 42 U.S.C. § 12131. According to Plaintiff's First Amended Complaint, Defendants refused to accommodate Plaintiff's mobility restrictions by forcing him to walk rather than provide him with a wheelchair. Title II of the ADA provides: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Defendant contends Plaintiff's ADA claim is barred because it sounds in equal protection, not due process. "Title II ADA claim against a government official in her official capacity for money damages is barred if it sounds in equal protection rather than due process." *Tanney v. Boles*, 400 F. Supp. 2d 1027, 1044–45 (E.D. Mich. 2005) citing *Popovich v. Cuyahoga County Court of Common Pleas,* 276 F.3d 808, 811 (6th Cir.2002). Mitchell relies on the allegations in paragraph 38 of Plaintiff's First Amended Complaint wherein Plaintiff alleges, "Other inmates at Mansfield with mobility impairments are given mobility aides and not thrown to the ground and dragged when they cannot walk. As such, Defendants treated Mr. Kacmarik differently fromm other mobility impaired inmates at Mansfield without a rational basis for the disparate treatment."

While caselaw is clear that under the ADA public officials are not liable in their official capacity for monetary damages arising from equal protection violations, the ADA does allow for monetary damages if officials, acting in their official capacity, deny the disabled access to services. In *United States v. Georgia*, Justice Scalia, writing for the

7

Court, held that official capacity liability was plausible under the ADA when a disabled prisoner's treatment by prison officials denied the disabled basic services.   The "deliberate refusal of prison officials to accommodate Goodman's disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs constituted "exclu[sion] from participation in or ... deni[al of] the benefits of" the prison's "services, programs, or activities."   *United States v. Georgia*, 546 U.S. 151, 157, 126 S. Ct. 877, 881, 163 L. Ed. 2d 650 (2006) 42 U.S.C. § 12132.  Here, Plaintiff alleges his mobility is impaired due to a prior spinal procedure requiring that he use a wheelchair.  When he informed Mitchell of this requirement, Plaintiff alleges Mitchell refused Plaintiff the use of a nearby wheelchair and, instead, forced him to walk.

Mitchell argues that Plaintiff was holding a cane therefore, it was reasonable for Mitchell to assume Plaintiff could walk with assistance.  However, Plaintiff alleges he used the cane only to transfer in and out of a wheelchair.  Plaintiff further alleges he told Mitchell he could not walk to the holding cell.

Therefore, insofar as Plaintiff's First Amended Complaint seeks monetary damages against Mitchell for equal protection violations, that claim must be dismissed.  But Plaintiff may maintain an ADA official capacity claim for denial of "services, programs or activities" for Mitchell's alleged failure to accommodate Plaintiff's need for a wheelchair in order to transport him to a holding cell.

**Rehabilitation Act**

Plaintiff alleges he was denied services relating to his mobility when Mitchell allegedly forced Plaintiff to walk to the cell, after Plaintiff told Mitchell he could not walk.

8

Mitchell denied Plaintiff the use of a nearby wheelchair. "Modern prisons provide inmates with many recreational "activities," medical "services," and educational and vocational "programs," all of which at least theoretically "benefit" the prisoners." *Pennsylvania Dep't of Corr. v. Yeskey,* 524 U.S. 206, 210, 118 S. Ct. 1952, 1955, 141 L. Ed. 2d 215 (1998).

The Court denies Defendant's Motion for Judgment on Plaintiff's Rehabilitation Act for the same reasons it denied Defendant's Motion for Judgment on Plaintiff's ADA claim. By denying Plaintiff the use of a wheelchair when he informed Mitchell he could not walk and by allegedly denying Plaintiff medical care, Plaintiff has stated a claim under the Rehabilitation Act.

Therefore, for the foregoing reasons, the Court denies Defendant's Motion for Judgment on the Pleadings.

IT IS SO ORDERED.


s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  August 18, 2016